IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,829-02






EX PARTE JOHN FRANCIS KENNEDY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 055752-59-A IN THE 59TH DISTRICT COURT


FROM GRAYSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to nine (9) years' imprisonment. He did not appeal his conviction.

 Applicant alleges that his sentence was illegal because this offense was a state jail felony and
his sentence fell outside the applicable punishment range. He alleges that the enhancement
paragraphs were invalid because the offenses used for enhancement were not final felony convictions
and had not been committed sequentially. He also alleges that the judgment contained clerical errors
because there were no findings on the enhancement paragraphs but that the offense was nevertheless
classified as a second degree felony. He alleges that counsel was ineffective because counsel failed
to investigate and discover that the enhancement paragraphs were invalid. He also alleges that
counsel was ineffective because he allowed him to be sentenced outside the applicable punishment
range. 

 The trial judge has entered findings of fact and conclusions of law recommending that relief
be granted on the basis of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 608
(1984). Specifically, the trial judge found that the enhancement paragraphs were invalid in this case
and that counsel was ineffective for failing to challenge them. However, the trial judge did not
explain why he believed Applicant's claims had merit. The habeas record does not contain the
evidence needed to resolve Applicant's claims. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order
counsel to file an affidavit addressing: (1) what punishment range counsel believed applied to this
case and the reasons for that belief; (2) whether counsel investigated the enhancement paragraphs
and, if so, shall detail the course of counsel's investigation; (3) whether counsel believed the
enhancement paragraphs were valid and, if so, the reasons for that belief; and, (4) whether the
judgment contains clerical errors; and, if so, what errors it contains. The trial judge shall also order
the Assistant District Attorney who prosecuted this case to file an affidavit addressing: (1) whether
he or she believes that the sentence imposed fell outside the applicable punishment range; (2)
whether he or she believes that the enhancement paragraphs were valid and, if so, the reasons for that
belief; (2) whether he or she believes that the judgment contains clerical errors and, if so, what errors
it contains. The trial judge shall also supplement the record with a copy of the plea bargain
agreement, any written admonishments, any written waivers, and a copy of the defendant's judicial
confession. The trial judge shall also supplement the record with a transcription of the court
reporter's notes from the plea hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's sentence fell outside the
applicable punishment range. The trial judge shall make finding of fact as to whether the
enhancement paragraphs were invalid and, if so, why they were invalid. The trial judge shall also
make findings of fact as to whether there were any clerical errors in the judgment and, if so, shall
identify the errors. The trial judge shall also make findings of fact as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. Specifically, the trial judge shall make findings of fact as to whether counsel
believed the enhancement paragraphs were valid and, if so, why counsel believed they were valid. 
The trial judge shall also make findings of fact as to what punishment range counsel thought applied
to this case and as to why counsel thought that particular range applied. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 10, 2008

Do not publish